UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY DEWAYNE COMPTON, JR.,

    Plaintiff,

v.                                             Case No. 22-cv-497-pp

JOSHUA TOLER,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 39), DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR EXTENSION OF TIME (DKT. NO. 41) AND DENYING PLAINTIFF'S MOTION TO TAKE DEPOSITIONS (DKT. NO. 43)**

Plaintiff Anthony DeWayne Compton, Jr., who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed this case alleging that a number of defendants violated his constitutional rights. The court screened the complaint under 28 U.S.C. §1915A and allowed the plaintiff to proceed on an Eighth Amendment claim against defendant Joshua Toler based on allegations that Toler touched him inappropriately when escorting the plaintiff to the showers; a retaliation claim against Toler for allegedly harassing the plaintiff because the plaintiff filed a grievance against Toler; and retaliation claims against former defendants Emil Toney, Eric Henslin, E. Norman and James Zanon based on allegations that they issued the plaintiff a conduct report and encouraged him to withdraw his grievance based on the grievance filed against Toler. Dkt. No. 11 at 13-14. On September 12, 2023, the court granted the defendants' motion for partial summary judgment on exhaustion

1

grounds as to the plaintiff's retaliation claims; the court dismissed defendants Toney, Zanon, Henslin and Norman. Dkt. No. 36 at 13-14. The plaintiff's Eighth Amendment claim against defendant Toler survived summary judgment. This order addresses motions the plaintiff has filed since.

I.      **Plaintiff's Motion for Reconsideration (Dkt. No. 39)**

On December 21, 2023, the court received from the plaintiff a motion for reconsideration in which he contends that the defendants' motion for partial summary judgment on exhaustion grounds focused solely on retaliation "and failed to properly address the fact that Plaintiff had exhausted administrative remedies on other claims against Toney and Henslin that should have kept them as defendants within this Civil Action." Dkt. No. 39 at 1. The plaintiff states that the scope of this case has been narrowed from what the court originally said he could move forward on, and he asks the court to clarify his active claim(s). Id. at 2. The plaintiff states he believes that in addition to his Eighth Amendment claim against Toler, he should have been allowed to proceed on a claim for "Unlawful Disciplinary Action for being punished for an unjustified reason" because Toney did not conduct a proper PREA investigation, initiated punishment by writing the major conduct report for lying about an employee and moved for an arbitrary punishment that the plaintiff did not deserve. Id. at 4. The plaintiff also contends that he should have been allowed to proceed on a due process claim because Henslin denied the plaintiff the opportunity to call nursing staff as witnesses and cited that the plaintiff did not specify any nursing staff by name. Id. at 4-5. The plaintiff

contends that the court should not have dismissed Toney and Henslin as defendants and asks the court to consider reinstating them. Id. at 6.

Motions to reconsider are governed by Federal Rule of Civil Procedure 54(b), which provides that non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); Galvan v. Norberg, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (stating "Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of final judgment, thereby bestowing sweeping authority upon the district court to reconsider a [summary judgment motion]"). "The 'standard courts apply in reconsidering their decisions is generally the same under both Rule 59(e) and Rule 54(b).'" Cheese Depot, Inc. v. Sirob Imports, Inc., Case No. 14 C 1727, 2019 WL 1505399 at *1 (N.D. Ill. Apr. 5, 2019) (quoting Morningware, Inc. v. Hearthware Home Prods., Inc., Case No. 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011)).

At screening, the court allowed the plaintiff to proceed on an Eighth Amendment claim against Toler and retaliation claims against Toler, Toney, Henslin, Normal and Zanon. Dkt. No. 11 at 13-14. The defendants did not err in their motion for partial summary judgment when they moved for dismissal of only the plaintiff's retaliation claims. The defendants did not move for summary judgment on the plaintiff's Eighth Amendment claim against Toler and that claim survives.[1] At screening, the court did not allow the plaintiff to proceed on

---

[1] On March 7, 2024, defendant Toler filed a motion for summary judgment on the merits of the plaintiff's remaining Eighth Amendment claim against him.

3

a due process claim based on his disciplinary hearing because the plaintiff alleged that he was punished with ten days disciplinary separation time, which the court concluded did not implicate his rights under the due process clause. Id. at 11-13. And while the court allowed the plaintiff to proceed on a retaliation claim against Toney and Henslin for issuing him the conduct report for lying about staff, the court dismissed that claim on exhaustion grounds. Dkt. No. 36. The plaintiff has not shown that the court's order contains a manifest error of law. The court will deny the plaintiff's motion for reconsideration.

## II. Plaintiff's Motion to Compel and Motion for Extension of Time (Dkt. No. 41)

On February 1, 2024, the court received from the plaintiff a combined motion to compel discovery and for an extension of time. Dkt. No. 41. In the motion to compel, the plaintiff asks the court to order the defendant to produce discovery that he requested on December 11, 2023 and January 18, 2024, and to instruct defense counsel to cooperate with the plaintiff in the future. Id. at 1. In the motion for an extension of time, the plaintiff references his ongoing difficulty in obtaining discovery material from the prison litigation coordinator at his institution and asks for an extension of time for the completion of discovery and filing dispositive motions. Id. Regarding the prison litigation coordinator, the defendant submitted to the plaintiff discovery material that includes video footage the plaintiff cannot possess, and he must make an

---

Dkt. No. 47. The court ordered the plaintiff to file a response to that motion by the end of the day on April 8, 2024. Dkt. No. 54.

appointment with the litigation coordinator to view it; he said he had not yet been able to do that. Dkt. No. 42 at ¶¶2-4. The plaintiff also states that if the court grants his motion for reconsideration, defendants will be added to the case and he will have more discovery requests. Dkt. No. 41 at 1. Finally, the plaintiff asserts that he wants to depose three witnesses and he needs more time to establish this process.[2] Id. at 2. The plaintiff asks for a ninety-day extension of the deadlines for the completion of discovery and filing motions for summary judgment on the merits. Id.

In response, the defendant points out that the plaintiff's motion to compel is premature. Dkt. No. 46 at 1. Under the court's scheduling order, the defendant has sixty days to respond to the plaintiff's discovery requests; the defendant's responses to the requests the plaintiff submitted on December 11, 2023 and January 18, 2024 were not yet due as of the date the plaintiff filed his motion to compel. Id. The defendant states that on February 2, 2024, counsel sent the plaintiff a letter explaining the discovery schedule and informing the plaintiff that defense counsel had contacted the litigation coordinator at his institution regarding his access to view restricted documents that were responsive to his previous discovery requests. Id. The defendant also states that the litigation coordinator confirmed that the plaintiff was able to view the restricted material responsive to Defendant's Response to Plaintiff's First and Second Request for Production of Documents. Id. at 1-2. And the

---

[2] The plaintiff filed a separate motion to take depositions, addressed below. Dkt. No. 43.

defendant says he provided a timely response to any outstanding discovery on February 8, 2024. Id. at 2. The defendant did not respond to the plaintiff's motion for extension of time.

The court will deny the plaintiff's motion to compel because it was premature (and because the defendant since has responded to the plaintiff's discovery requests). The court also will deny the plaintiff's motion for extension of time. The defendant's response shows that the plaintiff has received the requested discovery and that he has been able to access the restricted discovery from his institution litigation coordinator.

### III. Plaintiff's Motion to Take Depositions (Dkt. No. 43)

The plaintiff has filed a motion to conduct an audiovisual deposition with three non-party witnesses who are employed at Oshkosh. Dkt. No. 43. He asks the court to subpoena them for the depositions and, because the plaintiff is indigent, he asks the court to appoint a court reporter to record the deposition testimony. Id. at 2.

The plaintiff states that he wants to depose Warden Cheryl Eplett, Security Director Emil Toney and Nurse Practitioner Tracy Thompson. Id. at 1. According to the plaintiff, Toney investigated the incident, gave the plaintiff a major conduct report (for lying about staff) and initiated the punishment the plaintiff received. Id. The plaintiff states that Eplett subsequently dismissed the conduct report from his record but that there is no explanation as to why she did so. Id. at 2. He says he wants to question Toney and Eplett about their respective decisions. Id. In addition, the plaintiff says he wants to depose

6

Thompson, his primary caregiver at Oshkosh, who "would serve as an expert witness to provide a description/demonstration showing and explaining the plaintiff's anatomy with photographs or video, and it would be used as evidence at trial." Id. at 2. He states that he would like to use the footage obtained side by side with the video footage from February 1, 2021, because this "example would better show the anatomy of the Plaintiff so there would not be any guessing as to where Toler's hand was on the Plaintiff's body." Id.

The procedure for conducting depositions on oral examination is laid out in Fed. R. Civ. P. 30. The procedure is rather lengthy. A deponent's attendance may be compelled by subpoena under Fed. R. Civ. P. 45. However, the court is not obligated to subsidize the plaintiff's litigation by paying for an officer to take a deposition, even when the plaintiff is indigent. See, e.g., McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987) (holding that although the constitution guarantees a right of access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court) (citation omitted).

The plaintiff is proceeding on an Eighth Amendment claim that the defendant touched him inappropriately while escorting him from the restrictive housing unit to the showers. The defendant has filed a motion for summary judgment in which he contends that video footage of the escort demonstrates that the defendant did not inappropriately touch the plaintiff, and the defendant submitted the video footage in support of his motion. Dkt. Nos. 47, 48. The plaintiff can respond to the defendant's motion without evidence from

7

the three witnesses referenced in his motion. The plaintiff does not need an expert witness to testify about where the defendant's hand was on the plaintiff's body. The plaintiff may provide that information himself (he knows it best) in a declaration and may reference the video footage if applicable. In response to the defendant's motion for summary judgment, the plaintiff may include his documentation about Eplett dismissing his conduct report and argue why he believes that fact is relevant to his claim against the defendant.[3] The court will deny the plaintiff's motion to take depositions.

## IV. Conclusion

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 39.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 41.

The court **DENIES** the plaintiff's motion for extension of time. Dkt. No. 41.

The court **DENIES** the plaintiff's motion to take deposition. Dkt. No. 43.

Dated in Milwaukee, Wisconsin this 26th day of March, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[3] If needed, the plaintiff may file a motion for an extension of time to respond to the defendant's motion for summary judgment.